IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

FRANK M. CASE, SR., )
        Plaintiff, )
   v. ) C.A. No. 08-347 Erie
) District Judge McLaughlin
ALAN DUBAJ and MARK CAUSEGROVE, )
        Defendants. )
)
)

## MEMORANDUM OPINION

McLAUGHLIN, SEAN J., J.

This matter is before the Court upon a Motion for Summary Judgment filed by Defendants Alan Dubaj and Mark Causegrove ("Defendants"). We have jurisdiction pursuant to 28 U.S.C. § 1331. For the reasons which follow, Defendants' Motion for Summary Judgment will be granted.

### I. BACKGROUND

Plaintiff Frank M. Case, Sr. ("Case") is a resident of Erie County, Pennsylvania and a military veteran entitled to receive veterans' disability benefits as a result of his prior military service. (Amended Complaint, ¶ 4). Defendants Dubaj and Causegrove are employed in the Domestic Relations Section of the Erie County Court of Common Pleas ("DRS"), Erie, Pennsylvania. (Amended Complaint, ¶ 2). As such, Defendants are responsible for implementing enforcement programs for child support, spousal support and alimony on behalf of Erie County. (Amended Complaint, ¶¶ 2, 4).

On December 8, 2006, the DRS's electronic database alerted Dubaj that Plaintiff owed spousal support arrears of approximately $2400.11 and alimony arrears of approximately $1400.00 to his ex-wife, Mary E. Case, as a result of his failure to make his monthly support payments. (Defendants' Appx., pp. 11-12). On December 12, 2006, Dubaj prepared a proposed "freeze order" and submitted it to Judge Michael Dunlavey for signature. The proposed order instructed Plaintiff's bank, 1st Choice Community Credit Union, to set aside and "freeze" $4915.25 in assets from Plaintiff's account. Following signature by Judge Dunlavey, Dubaj sent a notice of freezing/seizing assets to Plaintiff pursuant to Pennsylvania law on December 12, 2006. (Defendants' Appx., pp. 12, 18).

On January 2, 2007, Plaintiff learned that his account had been frozen and telephoned Dubaj to inform him that the funds in his 1st Choice Community account consisted entirely of veterans' disability benefits. (Amended Complaint, ¶ 8-10). Plaintiff represented to Dubaj that it was a violation of federal law, specifically, 38 U.S.C. § 5301, to attempt to freeze an account containing only veterans' disability benefits. (Amended Complaint, ¶ 10). Shortly thereafter, on the same date, Dubaj obtained an order from Judge Stephanie Domitrovich releasing the freeze order on Plaintiff's bank account. (Defendants' Appx., pp. 13, 19).

On December 16, 2008, Plaintiff brought the instant action pursuant to 42 U.S.C. § 1983 alleging that Defendants' actions violated 38 U.S.C. § 5301 and seeking actual and punitive damages. An Amended Complaint raising the same allegation was filed on November 23, 2009. In his Amended Complaint, Plaintiff contends that he suffered "mental abuse" as a result of his frozen bank account and alleges that his insurance was cancelled because his insurance company could not retrieve his monthly insurance withdrawal from the frozen account. (Amended Complaint, ¶ 14).

## II. STANDARD FOR REVIEW

Federal Rule of Civil Procedure 56(c)(2) provides that summary judgment shall be granted if the "pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Rule 56(e) further provides that when a motion for summary judgment is made and supported, "an opposing party may not rely merely on allegations or denials in its own pleading; rather, its response must – by affidavits or as otherwise provided in this rule – set out specific facts showing a genuine issue for trial. If the opposing party does not so respond, summary judgment should, if appropriate, be entered against that party."

A district court may grant summary judgment for the defendant when the plaintiff has failed to present any genuine issues of material fact. See Fed. R. Civ. P. 56(c); Krouse v. American Sterilizer Company, 126 F.3d 494, 500 n.2 (3rd Cir. 1997). The moving party has the initial burden of proving to the district court the absence of evidence supporting the non-moving party's claims. Celotex Corp. v. Catrett, 477 U.S. 317 (1986); Country Floors, Inc. v. Partnership Composed of Gepner and Ford, 930 F.2d 1056, 1061 (3rd Cir. 1990). Further, "[R]ule 56 enables a party contending that there is no genuine dispute as to a specific, essential fact 'to demand at least one sworn averment of that fact before the lengthy process of litigation continues.'" Schoch v. First Fidelity Bancorporation, 912 F.2d 654, 657 (3rd Cir. 1990) (quoting Lujan v. National Wildlife Federation, 497 U.S. 871 (1990)).

The burden then shifts to the non-movant to come forward with specific facts showing a genuine issue for trial. Matsushita Elec. Indus. Company v. Zenith Radio Corp., 475 U.S. 574 (1986); Williams v. Borough of West Chester, Pa., 891 F.2d 458, 460-461 (3rd Cir. 1989) (the non-movant must present affirmative evidence - more than

3

a scintilla but less than a preponderance - which supports each element of his claim to defeat a properly presented motion for summary judgment). The non-moving party must go beyond the pleadings and show specific facts by affidavit or by information contained in the filed documents (i.e., depositions, answers to interrogatories and admissions) to meet his burden of proving elements essential to his claim. Celotex, 477 U.S. at 322; Country Floors, 930 F.2d at 1061.

A material fact is a fact whose resolution will affect the outcome of the case under applicable law. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). Although the court must resolve any doubts as to the existence of genuine issues of fact against the party moving for summary judgment, Rule 56 "does not allow a party resisting the motion to rely merely upon bare assertions, conclusory allegations or suspicions." Firemen's Ins. Company of Newark, N.J. v. DuFresne, 676 F.2d 965, 969 (3rd Cir. 1982). Summary judgment is only precluded if the dispute about a material fact is "genuine," i.e., if the evidence is such that a reasonable jury could return a verdict for the non-moving party. Anderson, 477 U.S. at 247-249.

### III. ANALYSIS

In this Section 1983 action, Plaintiff alleges that Defendants violated 38 U.S.C. § 5301 by causing Plaintiff's bank account containing his veterans' disability benefits to be frozen. In relevant part, 38 U.S.C. § 5301(a) states that "[p]ayments of benefits . . . under any law administered by the Veterans' Administration . . . made to, or an account of, a beneficiary . . . shall not be liable to attachment, levy, or seizure by or under any legal or equitable process whatever, either before or after receipt by the beneficiary." 38 U.S.C. § 5301(a).[1] Plaintiff, relying on this language, contends that Defendants

---

1  Defendants do not dispute that Section 5301(a) provides a federal right that is enforceable under Section 1983. See Higgins v. Beyer, 293 F.3d 683, 689-90 (3rd Cir. 2002).

improperly caused his bank account to be seized by failing to disclose to Judge Dunlavey that Plaintiff was a veteran and that the funds contained in the bank account consisted of veterans' disability benefits. Defendants counter that the exemptions contained in Section 5301(a) do not apply to claims for alimony, spousal support, or child support and, as a result, Plaintiff's bank account was not improperly frozen or seized.

In <u>Rose v. Rose</u>, 481 U.S. 619 (1987), a Tennessee state court ordered a disabled veteran to pay $800 per month in child support following the dissolution of his marriage despite that his only means of income consisted of veterans' disability payments. <u>Id</u>. at 623-34. The veteran objected, citing the exemption protections of Section 5301(a)[2] and arguing that only the Veterans Administration had the authority to order him to use any portion of his disability benefits to satisfy his child support obligation. <u>Id</u>. at 624. The state court rejected his argument and the veteran appealed.

The issue before the Supreme Court on appeal was, *inter alia*, whether Section 5301(a) preempted the state court's jurisdiction to order the veteran to use his disability benefits to satisfy his child support obligation. <u>Id</u>. The Court reviewed the legislative history of Section 5301(a) and determined that the statute had two purposes: to "avoid the possibility of the Veterans' Administration . . . being placed in the position of a collection agency" and to "prevent the deprivation and depletion of the means of subsistence of veterans dependent upon these benefits as the main source of their income." <u>Id</u>. at 630 (citing S.Rep. No. 94-1243, pp. 147-48 (1976), U.S. Code Cong. & Admin. News 1976, pp. 5241, 5369, 5370). The Court concluded that "[n]either

---

2    Prior to renumbering by Congress on May 7, 1991, Section 5301(a) was codified at Section 3101(a). Accordingly, cases which were decided prior to 1991 referred to Section 5301(a) by its previous numeration at Section 3101(a).

5

purpose" was defeated by allowing the state court to hold the veteran in contempt for failing to satisfy his child support obligations:

> The contempt proceeding did not turn the Administrator into a collection agency; the Administrator was not obliged to participate in the proceeding or to pay benefits directly to appellee. Nor did the exercise of state-court jurisdiction over appellant's disability benefits deprive appellant of his means of subsistence contrary to Congress' intent, for *these benefits are not provided to support appellant alone.*
>
> Veterans' disability benefits compensate for impaired earning capacity, H.R.Rep. No. 96-1155, p. 4 (1980), U.S. Code Cong. & Admin.News 1980, p. 3307, and are intended to "provide reasonable and adequate compensation for disabled veterans *and their families.*" S.Rep. No. 98-604, p. 24 (1984) (emphasis added), U.S.Code Cong. & Admin.News 1984, pp. 4479, 4488. Additional compensation for dependents of disabled veterans is available under 38 U.S.C. § 315, and in this case totaled $90 per month for appellant's two children. But the paucity of the benefits available under § 315 belies any contention that Congress *631 intended these amounts alone to provide for the support of the children of disabled veterans. Moreover, . . . *Congress clearly intended veterans' disability benefits to be used, in part, for the support of veterans' dependents.* On this basis we may distinguish several of the Court's prior decisions which held that state law governing domestic relations was pre-empted by federal statutes containing prohibitions similar to § 3101(a) against attachment, levy, or seizure of federal benefits.
>
> \* \* \* \* \* \* \* \*
>
> [C]ongress has not made appellant the exclusive beneficiary of the disability benefits. As we have demonstrated, these benefits are intended to support not only the veteran, but the veteran's family as well. Recognizing an exception to the application of [§ 5301(a)]'s prohibition against attachment, levy, or seizure in this context would further, not undermine, the federal purpose in providing these benefits. *Therefore, . . . we conclude that [§ 5301(a)] does not extend to protect a veteran's disability benefits from seizure where the veteran*

> *invokes that provision to avoid an otherwise valid order of child support.*

Id. at 630-31, 635 (emphasis added) (internal footnotes omitted).

Although Rose did not involve an order to freeze a veteran's bank account, the majority of courts that have considered the issue have agreed with Rose that veterans' disability benefits are not exempt from claims for alimony, spousal support and child support. See 52 A.L.R.5th 221 §28[a] ("With few exceptions, the cases hold that payments arising from service in the Armed Forces . . ., though exempt as to the claims of ordinary creditors, are not exempt from a claim for alimony, support, or maintenance . . ."). For example, in Commonwealth ex. rel. Caler v. Caler, 1981 WL 207422 (Pa. Com. Pl. 1981), a Pennsylvania court considered whether a veteran's disability payments were subject to attachment to satisfy a support order. The court concluded that exemption statutes such as § 5301(a) "are generally held to apply only to claims arising from the debtor-creditor relation and have no application to claims for family support absent clear statutory language to the contrary." Id. at **6. After finding no express statutory authorization in Section 5301(a) making it applicable to support judgments, the court held that § 5301(a) "[did] not apply to such judgments." Id. at **8. As in Rose, the court noted that:

> The very purpose of such exemptions is to assure the flow of funds for family support, unimpeded by creditors' collection proceedings, and that purpose would be defeated if the beneficiary of the funds could exclude his dependents from access thereto by attachment.

Id. (citing, *e.g.*, Cartledge v. Miller, 457 F. Supp. 1146 (S.D. N.Y. 1978); Com. ex rel. Mangrini v. Mangrini, 398 A. 2d 179 (Pa. Sup. 1979)).

Similarly, in In re Marriage of Dora Pope-Clifton, 823 N.E.2d 607 (Ill. App. 2005), a case involving nearly identical facts to those presented here, an Illinois court considered whether a veteran's bank account could be frozen to satisfy his support obligations despite that the proceeds in the account consisted of veterans' disability funds. The veteran argued, as Plaintiff does here, that allowing the seizure of his bank account would deprive him of his sole means of subsistence. Id. at 610. The court disagreed, noting that "veterans' benefits are not for the sole benefit of disabled veterans," but rather, "[are] intended to benefit both veterans and their families." Id. at 610 (citing Rose, 481 U.S. at 630). Relying on Rose, the court determined that the veteran's funds "[were] clearly not exempt from seizure under federal law" because Section 5301(a) "does not extend to protect a veteran's disability benefits from seizure where the veteran invokes that provision to avoid an otherwise valid [support] order." Id. See also Gerold v. Gerold, 488 P.2d 294, 295 (Ore. App. 1971) (holding that a veteran's disability benefits were not exempted from a support order by Section 5301(a) because "the purpose of the federal exemption statute is to serve as a shield for the veteran and his dependents, not to serve as a sword to be used by the veteran against his dependents.").

Consistent with the foregoing caselaw, I conclude that Section 5301(a) does not bar the seizure of Plaintiff's bank account to satisfy his family support obligations. See Rose, 481 U.S. at 635 ("[W]e conclude that [§ 5301(a)] does not extend to protect a veteran's disability benefits from seizure where the veteran invokes that provision to avoid an otherwise valid order of child support."). Consequently, Defendants did not violate federal law by freezing Plaintiff's bank account, and, as such, their conduct is not actionable under 42 U.S.C. § 1983.

## IV. CONCLUSION

For the foregoing reasons, Defendants' Motion for Summary Judgment is granted and this action is dismissed.

# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| FRANK M. CASE, SR., )<br>)<br>Plaintiff, )<br>v. )<br>)<br>ALAN DUBAJ and MARK CAUSEGROVE, )<br>)<br>Defendants. )<br>)<br>) | C.A. No. 08-347 Erie<br>District Judge McLaughlin |

## ORDER

AND NOW, this 29th day of August, 2011, and for the reasons set forth in the accompanying Memorandum Opinion,

IT IS HEREBY ORDERED that Defendants' Motion for Summary Judgment is GRANTED. Judgment is entered in favor of Defendants. This matter is closed.

/s/ Sean J. McLaughlin
United States District Judge

cm: All parties of record. ___